UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HILLEL TAL,

                Plaintiff,

-against-

COMPUTECH INTERNATIONAL, INC.,

                Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

21-cv-5773 (JMA)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this diversity-breach of contract-statutory commission action, on referral from the Honorable Joan M. Azrack for report and recommendation, is Defendant Computech International, Inc.'s ("CTI" or "Defendant") motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6).  *See* Notice of Motion to Dismiss ("Defendant's Motion" or "Def. Mot."), Docket Entry ("DE") [15]; Defendant's Memorandum of Law in Support of Its Motion to Dismiss ("Def. Mem."), DE [15-1]. Plaintiff Hillel Tal ("Tal" or "Plaintiff") filed a complaint in Nassau County Supreme Court on October 7, 2021 against Defendant alleging claims for breach of contract, unjust enrichment, violation of New York Labor Law ("NYLL") § 191(1)(c)[1] and declaratory judgment.  *See* Complaint ("Compl."), DE [1-1].  CTI removed the case to this Court on October 15, 2021 pursuant to 28 U.S.C. § 1446.  *See* DEs [1]-[3]. Defendant then filed its motion to dismiss on May 27, 2022.  *See* Def. Mot.  Plaintiff

---

[1] Plaintiff clarified in his pre-motion letter, DE [9], that he intends to pursue a claim under NYLL § 191(1)(c) rather than § 191-c, which was a typographical error in the Complaint.  *See* DE [9].

1

opposes, and alternatively cross-moves for leave to amend the Complaint. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Pl. Opp."), DE [17]. Judge Azrack referred the motion to this Court on November 1, 2022. *See* November 1, 2022 Electronic Order. For the reasons set forth below, the Court respectfully recommends granting Defendant's Motion in its entirety and granting Plaintiff leave to amend the Complaint.

## I. BACKGROUND

### A. Relevant Facts

The facts set forth herein are taken from the Complaint, and are accepted as true for purposes of this Report and Recommendation.

Tal currently resides in Florida and is a former resident of New York County, New York. *See* DE [10]; Compl. ¶ 1. CTI is a New York corporation with its principal office in Nassau County. Compl. ¶ 2. In or around August 2009, CTI hired Tal as its Vice President of Business Development and a commission salesperson. *Id.* ¶ 4. In addition to a salary and benefits, CTI agreed to pay Tal a ten percent sales commission of the profits realized for all customer orders he secured. *Id.* ¶ 5.

Sometime in 2014, CTI asked Tal to accept a five percent sales commission on the profits realized for sales of air filtration systems designed by Beth El Industries ("BEI") and their spare parts while other commissions remained at ten percent, and CTI was to tender and sign a written agreement in accordance with these terms. *Id.* ¶ 6. Plaintiff accepted the proposal although, according to Tal, Defendant never offered and signed a new contract. *Id.* While the amended agreement on commissions was not in writing, Plaintiff claims it was confirmed in periodic statements,

2

communications and memoranda exchanged by the parties. *Id.* ¶ 7. Defendant followed this practice for years paying Plaintiff commissions quarterly, in arrears, and Tal in turn, continued to originate orders for Defendant's products from customers and obtain sales. *Id.* ¶ 8. Plaintiff provides no information, however, regarding his job duties, what type of business CTI was engaged in, the products he sold for CTI other than BEI systems, the amount he sold, when he made sales, over what time period or to what customers.

On or around May 3, 2021, Tal accepted new employment and tendered his resignation by letter effective May 14, 2021. *Id.* ¶ 9. Defendant refused to pay Plaintiff commissions he earned on orders already secured but were not partially or fully fulfilled and paid for by customers prior to his resignation. *Id.* ¶¶ 10-11. Tal claims this was a breach of their agreement, in willful disregard of CTI's legal obligations, and that the outstanding commissions due to Tal and are in excess of $600,000, although no further elaboration is provided as to this calculation. *Id.* ¶¶ 11, 16. Plaintiff alleges that he fully performed his obligations under the agreement to secure customer orders for CTI and that Defendant has already received some of the revenues for the orders at issue. *Id.* ¶¶ 13-14. According to Tal, these commissions are owed to him post-resignation when CTI collects the revenues realized. *Id.* ¶ 16. Tal claims that the orders were specific to the amount of product sold, the time within which CTI was to fill the order, and the deadline for customers to pay after delivery, although no further details on these dates, timing or amounts

3

are provided. *Id*. ¶ 15. Plaintiff alleges this constitutes a breach of the parties' agreement and that CTI has been unjustly enriched. *Id*. ¶¶ 17, 20, 23.

### B. Procedural History

Based on the above, Plaintiff commenced this action against Defendant on October 7, 2021 in Nassau County Supreme Court for breach of contract, unjust enrichment, violation of NYLL § 191(1)(c) and for a declaratory judgment seeking damages, liquidated damages, declaratory relief and attorneys' fees and costs. *See generally* Compl. CTI removed the case to federal court on October 15, 2021 based on the Court's diversity jurisdiction, and Plaintiff confirmed by letter that he resides, is domiciled and is a citizen of Florida. *See* DE [1]-[3], [10]. CTI filed a motion for pre-motion conference for its anticipated motion to dismiss on January, 13, 2022. *See* DE [8]. The case was referred to mediation on January 20, 2022, where the parties failed to reach a settlement. *See* January 20, 2022 Electronic Order; March 21, 2022 Mediation Report.

On May 27, 2022, Defendant filed its motion to dismiss the Complaint. *See generally* Defs.' Mem; Defendant's Reply Memorandum of Law in Further Support of Its Motion to Dismiss ("Def. Reply"). Plaintiff opposes, and alternatively seeks leave to amend under Fed. R. Civ. P. 15(a)(2), and attaches Tal's declaration and two exhibits to their brief, which include a paystub, emails, and two documents titled "Sales Commission Agreement." *See* Pl. Opp.; Plaintiff's Declaration in Opposition to Motion to Dismiss ("Tal Decl."), Pl. Opp. Exhibits ("Exs.") 1-2. Judge Azrack referred the motion to this Court for report and recommendation on November 1, 2022. *See*

November 1, 2022 Electronic Order. For the reasons set forth below, the Court respectfully recommends that Defendant's Motion be granted in its entirety and that Plaintiff be granted leave to amend the Complaint.

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. But a pleading "that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009)). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are

inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted); *see Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

### III. DISCUSSION

#### A. Plaintiff's Declaration and Exhibits

Initially, Plaintiff's declaration and exhibits attached to his opposition should be disregarded in considering its motion. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court may consider:

> (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as an exhibit or incorporated ... by reference; (3) matters of which judicial notice may be taken; and (4) documents upon whose terms and effect the complaint relies heavily, *i.e.,* documents that are "integral" to the complaint.

*Calcutti v. SBU, Inc.*, 273 F. Supp. 2d 488, 498 (S.D.N.Y. 2003) (internal citation omitted); *see also Miotto v. Yonkers Pub. Sch.*, 534 F. Supp. 2d 422, 425 (S.D.N.Y. 2008) ("[I]n assessing the legal sufficiency of a claim, the court may consider only the facts alleged in the complaint, and any document attached as an exhibit to the complaint or incorporated in it by reference.")); *Henry Avocado Corp. v. Z.J.D. Brother, LLC*, No. 17-CV-4559 (ARR), 2017 WL 6501864, at *3 (E.D.N.Y. Dec. 19, 2017) (finding that declarations provided by the parties and supporting documentation not relied on the complaint should not be considered on a motion to dismiss). Even if a document is "integral" to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (citations omitted). "A district

6

court errs when it considers affidavits and exhibits submitted . . . or relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss." *Westwide Winery, Inc. v. SMT Acquisitions*, LLC, 511 F. Supp. 3d 256, 262 (E.D.N.Y. 2021) (quoting *Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000)).

Applying these standards, the Court concludes that the materials submitted by Plaintiff in his opposition, which include Tal's declaration, a paystub, certain emails and two documents titled Sales Commission Agreement, none of which are attached to the Complaint, should not be considered in deciding the motion to dismiss. While Tal alleges that the parties' amended agreement as to sales commissions was "confirmed in periodic statements, communications and memoranda exchanged by the parties," *id.* ¶ 7, Plaintiff fails to establish that the exhibits submitted to the Court are integral to the Complaint as the allegation is vague and does not specifically set forth that these exhibits are the referenced documents. Moreover, CTI disputes their authenticity, *see* Def. Reply at 2-3, and Tal's declaration fails to establish the who, what, when and where of the documents, particularly concerning the Sales Commission Agreements which are unsigned and not referenced specifically in the Complaint. *See generally* Tal Decl., Pl. Opp. Exs. 2. Moreover, according to the Complaint, the parties' amended agreement on commissions was not in writing, so it is unclear how these documents relate to Tal's claims. *See* Compl. ¶¶ 6-7. Given the confusion over these documents, the Court declines to conclude that they are integral to the Complaint such that they can be considered on a 12(b)(6) motion. Accordingly,

7

the Court recommends that Plaintiff's declaration and supporting exhibits attached to his opposition be rejected.

### B. Plaintiff's Breach of Contract Claim

In terms of the merits, Defendant initially argues that Plaintiff's breach of contract claim must be dismissed because Tal fails to provide sufficient details to support such a cause of action, and that Plaintiff fails to allege an express agreement for post-termination compensation which is fatal to his claim. *See* Def. Mem. at 4-5.[2] Again, the Court agrees.

The elements of a breach of contract claim in New York are: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Martino v. MarineMax Northeast, LLC*, No. 17-cv-4708, 2018 WL 6199557, at *3 (E.D.N.Y. Nov. 28, 2018) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)). While post-termination commissions can be recoverable, New York law provides that "an at-will employee will be entitled to post-discharge commissions only if the employment agreement expressly provides for such compensation." *Apple Mortg. Corp. v. Barenblatt*, 162 F. Supp. 3d 270, 289 (S.D.N.Y. 2016) (quoting *Bravia Capital Partners, Inc. v. Fike*, No. 09–cv–6375 (JFK), 2011 WL 6081345, at *3 (S.D.N.Y. Dec. 6, 2011)); *see also Arbeeny v. Kennedy Executive Search, Inc.*, 71 A.D.3d 177, 183, 893 N.Y.S. 2d 39, 42 (1st Dept. 2010). In a case regarding post-separation commissions

---

[2] Defendant further argues that the Statute of Frauds bars the existence of an enforceable agreement between the parties. Def. Mem. at 6-9. Because the Court concludes that Plaintiff fails to plausibly allege a breach of contract claim in the first instance, it need not reach this argument.

where a plaintiff "fails to allege even the vaguest supporting details, including the approximate timing of the transactions; the approximate amount of commissions allegedly owed; and, most importantly from a contract standpoint, that [the employer] received the [required] fee that would legally entitle him to such commissions," dismissal under Rule 12(b)(6) is warranted. *Giugliano v. FS2 Cap. Partners, LLC*, No. 14-CV-7240 ADS GRB, 2015 WL 5124796, at *15 (E.D.N.Y. Sep. 1, 2015).

Applying these standards, Plaintiff fails to plausibly allege a breach of contract claim for post-separation commissions. Initially, Tal claims the existence of an agreement, *see* Compl. ¶¶ 4-8, that he fully performed, *see id.* ¶¶ 8, 13, and that he is owed over $600,000 in damages. *See id.* ¶¶ 18, 21. Nevertheless, he fails to sufficiently allege Defendant's breach. He neglects to allege that post-employment commissions were expressly provided for in the parties' agreement, which is legally required under New York law, and thus fails to establish Defendant's breach of contract. Moreover, Plaintiff contends that he seeks payment of commissions from transactions consummated during his CTI employment to be fulfilled during certain time periods, Pl. Opp. at 5, yet the allegations provide insufficient detail as to what was sold, approximate timing of the transactions and the value of the sales. Indeed, Plaintiff fails provide details that would plausibly suggest a breach resulting in unpaid commissions that total $600,000. Even drawing all inferences in Tal's favor, he offers insufficient allegations that his sales have been fulfilled and that CTI realized all profits for the orders such that the commissions owed can be calculated.

9

Thus, he fails to allege a breach of the purported agreement by CTI. Accordingly, the Court recommends that Tal's breach of contract claim be dismissed.

### C. Plaintiff's NYLL Claim

Next, Defendant argues that Plaintiff's NYLL claim fails because he does not adequately allege that he is a covered commission salesperson under the NYLL, and that because he fails to allege the existence of an enforceable agreement, it follows that the NYLL claim is properly dismissed. Def. Mem. at 9-11.

The NYLL defines a "commission salesperson" as:

> [A]ny employee whose principal activity is the selling of any goods, wares, merchandise, services, real estate, securities, insurance or any article or thing and whose earnings are based in whole or in part on commissions. The term 'commission salesman' does not include an employee whose principal activity is of a supervisory, managerial, executive or administrative nature.

NYLL § 190(6). Under NYLL Section 191(1)(c), a Plaintiff is owed commissions "earned in accordance with the agreed terms of employment . . . [which] shall be reduced to writing, signed by both the employer and the commission salesperson, kept on file by the employer for a period not less than three years and made available to the commissioner upon request." NYLL § 191(1)(c). Failure by an employer to produce such written terms, "shall give rise to a presumption that the terms of employment that the commissioned salesperson has presented are the agreed terms of employment." *Id*. A claim under NYLL § 191(1)(c) "rises and falls with [a] plaintiff's claim for breach of contract," and his "failure to establish a contractual right to wages necessarily precludes a statutory claim under New York's labor law." *Williams v. Preeminent Protective Servs., Inc.*, No. 14-CV-5333, 2017 WL 1592556, at

10

\*4 (E.D.N.Y. Apr. 28, 2017) (quoting *Apple Mortg. Corp. v. Barenblatt*, 162 F. Supp. 3d 270, 289 (S.D.N.Y. 2016) (internal alteration omitted)).

Under the statutory provision above, Plaintiff fails to sufficiently plead that he is covered under the NYLL as a commission salesperson. While Plaintiff claims his earnings were based in part on commissions, he also alleges that he was Vice President of Business Development and a commission salesperson, and there is no way to determine whether a principal activity of his job was supervisory, managerial, executive or administrative in nature or mostly sales. *See* Compl. ¶¶ 4, 8. Moreover, the NYLL claim fails because Plaintiff has not sufficiently pled Defendant's breach of their agreement and neglects to allege that the parties' agreement expressly provided for post-separation commissions. Accordingly, the Court recommends that Tal's NYLL claim also be dismissed.

### D. Plaintiff's Unjust Enrichment Claim

Plaintiff's next claim is that CTI was unjustly enriched for accepting his services and refusing to pay what he was owed under their agreement which amounts to damages exceeding $600,000. *See* Compl. ¶¶ 23-24. Defendant argues that this claim should be dismissed for failure to allege the elements necessary for an unjust enrichment cause of action. An unjust enrichment claim under New York law requires a plaintiff to establish: (i) that the defendant benefitted; (ii) that the benefit came at the plaintiff's expense; and (iii) "equity and good conscience require restitution." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 586 (2d Cir. 2006). "[T]he law is clear that a plaintiff may not

11

allege that his former employer was 'unjustly' enriched at his expense when the employer compensated the plaintiff by paying him a salary." *Levion v. Societe Generale*, 822 F. Supp. 2d 390, 405 (S.D.N.Y. 2011), *aff'd*, 503 Fed. Appx. 62 (2d Cir. 2012) (citing *Karmiloqicz v. The Hartford Fin. Servs. Grp.*, No. 11-CIV-539, 2011 WL 2936012 (S.D.N.Y Jul. 14, 2011)). To state an unjust enrichment claim, the employee must allege that his salary did not constitute "reasonable value for the services he provided" or that his services were beyond the scope of his duties. *Id.* (citing *Hughes v. Standard Chartered Bank, PLC*, No. 09 Civ. 4595 (PKC), 2010 WL 1644949, at *8-9 (S.D.N.Y. Apr. 14, 2010)).

Applying these standards, the Court concludes that Plaintiff fails to state an unjust enrichment claim under New York law. Tal alleges that he was paid a salary and benefits and received commissions on sales he made for CTI although he does not provide the approximate amount. *See* Compl. ¶ 5. He fails to adequately allege that Defendant did not provide reasonable value for the services Tal performed or that his actions were beyond the scope of his duties. The Complaint does not allege what his job duties were, how many orders he secured and what sales were fully or partially outstanding at the time of his separation from CTI sufficiently to reasonably determine a benefit to Defendant at Tal's detriment. Accordingly, the Court recommends dismissing this claim.[3]

---

[3] Moreover, to the extent Tal is arguing that the documents attached to his opposition constitute a written contract between the parties, an unjust enrichment claim cannot stand. *See Silva v. Hornell Brewing Co.*, No. 20-CV-756 (ARR) (PL), 2020 WL 4586394, at *6 (E.D.N.Y. Aug. 10, 2020) ("The unjust enrichment cause of action is not a catchall to be used when others fail . . . . It is not available where it simply duplicates, or replaces, a conventional contract or tort claim.") (internal citations and quotations omitted).

12

### E. Plaintiff's Declaratory Judgment Claim

Tal's final cause of action is for a declaratory judgment that CTI breached the parties' contract and impose damages. *See* Compl. ¶ 26. "[A]ny court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Second Circuit has directed district courts to ask the following two questions when determining whether to entertain an action seeking a declaratory judgment: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005) (citation omitted). "[D]eclaratory judgment claims that duplicate substantive claims [however,] should be dismissed." *Beach v. HSBC Bank USA, N.A.*, No. 17CV5153, 2018 WL 3996931, at *7 (S.D.N.Y. Aug. 21, 2018) (collecting cases). Because this claim is duplicative of the breach of contract cause of action, the Court recommends that it also be dismissed.

### F. Leave to Amend

Plaintiff seeks leave to amend the Complaint in the event Defendant's motion is granted, arguing that he can more particularly describe the parties' agreement for post-employment commissions. Pl. Opp. at 9-10. Leave to amend a complaint shall be freely given when justice so requires, see Fed. R. Civ. P. 15(a), and "'[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead.'" *Vacold LLC v. Cerami*, No. 00 Civ. 4024 (AGS), 2002 WL 193157, at *6 (S.D.N.Y. Feb. 6, 2002) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991)); *see*

13

*also Elliot-Leach v. New York City Dep't of Educ.*, 201 F. Supp. 3d 238, 243 (E.D.N.Y. 2016), *aff'd*, 710 F. App'x 449 (2d Cir. 2017). "Amendments are generally favored because they tend to facilitate a proper decision on the merits." *Rodriguez v. Ridge Pizza Inc.*, No. 16-CV-0254, 2018 WL 1335358, at *3-4 (E.D.N.Y. Mar. 15, 2018) (quoting *MHANY Mgmt. v. Cty. of Nassau*, 843 F. Supp. 2d 287, 340 (E.D.N.Y. 2012)); *see also Johnson v. Landmark Hosp. LLC*, No. 14-CV-6839, 2016 WL 843286, at *2 (E.D.N.Y. Mar. 1, 2016) (quoting *Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998)). Leave to amend a complaint should only be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)).

The Court concludes here that Plaintiff should be granted leave to amend. Tal has not amended the Complaint before and submits that he would include more details as to the parties' agreement demonstrating that an amendment would be in good faith and result in a proper decision on the merits. Defendants also fail to demonstrate prejudice as a result of an amendment as this case is at an early stage. Accordingly, the Court recommends granting Plaintiff leave to amend the Complaint.

## IV.     CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Defendant's Motion be granted in its entirety and that Plaintiff be granted leave to amend his Complaint.

## V.     OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
December 1, 2022    /s/ Steven I. Locke
  STEVEN I. LOCKE
  United States Magistrate Judge