UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HILLEL TAL,

                                  Plaintiff,

-against-

COMPUTECH INTERNATIONAL, INC.,

                              Defendant.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
21-CV-05773 (JMA) (SIL)

**FILED**
**CLERK**

2:52 pm, Jan 05, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Plaintiff Hillel Tal ("Tal") alleges that Defendant Computech International, Inc. ("Computech"), his former employer, wrongfully refused to pay certain sales commissions that he earned prior to his resignation, in breach of the parties' agreement and in violation of the New York Labor Law ("NYLL"). Tal asserts claims for breach of contract, violation of NYLL § 191(1)(c), quantum meruit, and for a declaratory judgment. (Compl., ECF No. 1-1.) After Computech moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), (ECF No. 15), the Court referred the motion to Magistrate Judge Steven I. Locke for a report and recommendation ("R&R"). (Electronic Order dated Nov. 1, 2022.) Now before the Court are Tal's objections to Magistrate Judge Locke's R&R, which recommends that the Court grant Computech's motion to dismiss in its entirety but allow Tal to amend the Complaint. (ECF Nos. 19, 20.) After conducting a review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court adopts Magistrate Judge Locke's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd sub nom. Coyne v. Amgen, Inc.,

717 F. App'x 26 (2d Cir. 2017).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error.  See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Magistrate Judge Locke's R&R to which there are no objections.  Next, the Court turns to the portion of the R&R to which Tal has objected.  Specifically, Tal objects to the R&R's holding that "[Tal] neglects to allege that post-employment commissions were expressly provided for in the parties' agreement, which is legally required under New York law, and thus fails to establish Defendant's breach of contract."  (R&R at 9.)  Tal contends that this is inconsistent with Yudell v. Ann Israel & Associates, 248 A.D.2d 189 (1st Dep't 1998).  He is mistaken.  Indeed, in holding that post-termination commissions are recoverable only if the employment agreement expressly provides for such compensation, the R&R is entirely consistent with Yudell and well-settled New York law.  See, e.g., Apple Mortg. Corp. v. Barenblatt, 162 F. Supp. 3d 270, 289–90 (S.D.N.Y. 2016); Yudell, 248 A.D.2d at 189–90.  After conducting a de novo review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court agrees with Magistrate Judge Locke's recommendations, and therefore adopts the R&R in its entirety as the opinion of the Court.

Accordingly, Computech's motion to dismiss is granted in its entirety, and Tal is granted leave to amend his complaint.  Tal shall file the amended complaint by February 1, 2023.

**SO ORDERED.**

Dated:  January 5, 2023
Central Islip, New York

_____/s/   (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

2