UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HILLEL TAL,

                                 Plaintiff,                      **REPORT AND**
                                                                                 **RECOMMENDATION**
     -against-                                       21-cv-5773 (JMA)(SIL)

COMPUTECH INTERNATIONAL, INC.,

                                 Defendant.
------------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court in this diversity-breach of contract-statutory commission action, on referral from the Honorable Joan M. Azrack for report and recommendation, is Defendant Computech International, Inc.'s ("CTI" or "Defendant") motion to dismiss Plaintiff Hillel Tal's ("Plaintiff" or "Tal") Amended Complaint ("Amended Complaint" or "Am. Compl."), Docket Entry ("DE") [23], for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6). *See* Notice of Motion to Dismiss ("Defendant's Motion" or "Def. Mot."), DE [32]; Defendant's Memorandum of Law in Support of Its Motion to Dismiss ("Def. Mem."), DE [32-6]. By way of his Complaint dated October 7, 2021, DE [1-1], later modified by the Amended Complaint, dated February 1, 2023, Tal commenced this action alleging (i) breach of contract, (ii) unjust enrichment, (iii) violation of New York Labor Law ("NYLL") § 191(1)(c), and (iv) seeking a declaratory judgment. *See* Am. Compl., DE [23]. Defendant filed its motion to dismiss on July 21, 2023. *See* Def. Mot. Plaintiff opposes. *See* DE [33]. For the reasons set forth herein, the Court respectfully recommends that Defendant's Motion be granted in part as to Plaintiff's

1

NYLL, unjust enrichment, and declaratory judgment claims and denied as to his breach of contract cause of action.

## I. BACKGROUND

### A. Relevant Facts

The facts herein are taken from the Amended Complaint and are accepted as true for purposes of this Report and Recommendation.

Tal currently resides in Florida. *See* DE [10]; Am. Compl. ¶ 1. CTI is a New York corporation with its principal office in Nassau County, New York. Am. Compl. ¶ 2. In or around August 2009, CTI hired Tal as its Director of Business Development and paid him a fixed, unidentified salary. Am. Compl. ¶¶ 5, 28. 32. In this role, his principal duties were to secure customer orders and manage projects. Am. Compl. ¶ 6. At an unspecified time, Tal requested additional compensation from CTI owner and CEO, Eyal Shachi ("Shachi"), who in April 2014 agreed to pay Tal a ten percent sales commission on the sales Tal generated, except for sales to Beth El Industries, which would generate a five percent commission. *Id.* ¶¶ 7-8. These commissions, Plaintiff alleges, were separate from his base salary, and exceeded the value of these services for what his salary covered. *Id.* ¶¶ 28, 32. The Amended Complaint then calculates the profit earned by CTI for Plaintiff's labor on various sales. DE [23-1], Exhibit ("Ex.") 1 to Am. Compl., at 2.

Plaintiff and Shachi also agreed that Plaintiff would continue to earn commissions after the end of his employment if a purchase order, or a letter of intent, was received within 45 calendar days after his separation from CTI. *Id.* ¶ 9. According to Tal, Defendant promised to tender and sign an agreement to this effect

2

but did not. *Id.* ¶ 10. While the agreement on commissions was not in writing, Tal claims it was confirmed in periodic statements, communications and memoranda exchanged by the parties. *Id.* ¶ 11. CTI has attached to its motion two emails, dated July 23 and July 31, 2020, from Plaintiff to Shachi, relating to their discussions about this agreement, and a document titled "Sales Commission Agreement," which was attached to the July 23, 2020, email. *See* Def. Mot., Def. Mot. Exs. 4-5. For reasons explained below, however, the Court recommends excluding these attachments. *Infra* at 7-8. CTI paid Plaintiff commissions quarterly, in arrears, for years. Am. Compl. ¶ 12. Tal, in turn, continued to originate orders for Defendant's products from customers and obtain sales. *Id.*

On or around May 3, 2021, Tal accepted new employment and resigned by letter effective May 14, 2021. *Id.* ¶ 14. After his resignation, CTI refused to pay Plaintiff for commissions on: (a) orders already secured, but not fulfilled and paid for prior to his resignation, and (b) orders that had either been fulfilled or paid for during his employment. *Id.* ¶¶ 16, 17, 24. Tal claims this refusal was a breach of the parties' agreement, and that the outstanding commissions due to Tal are in excess of $600,000. *Id.* ¶¶ 25-26. In support of this calculation, Tal attaches a spreadsheet to the Amended Complaint. DE [23-1], Ex. 1 to Am. Compl, at 1. This spreadsheet enumerates the commissions for which Tal claims payment, including each project's profit, his commission on that profit, and how much of it has been paid as of December 31, 2020. *Id.*

Plaintiff alleges that he has fully performed his obligations to secure customer orders for CTI under the parties' agreement, and that CTI has received at least some of the revenues for most of the orders at issue. *Id.* ¶ 21, 22. In terms of details, Tal claims that all orders at issue in the Amended Complaint are specific purchase orders or projects for specific clients, and for a specific amount of product to be delivered to customers and paid for by customers within a specific time frame, although further details on these points are not alleged. *Id.* ¶ 23. Plaintiff alleges that CTI's conduct constitutes a breach of the parties' agreement, and that CTI has been unjustly enriched. Am. Compl. ¶¶ 25, 29, 33.

### B. Procedural History

Tal commenced this action against Defendant on October 7, 2021, in Nassau County Supreme Court. *See generally* Complaint ("Compl."), DE [1-1]. CTI removed the case to federal court on October 15, 2021, based on the Court's diversity jurisdiction, and Plaintiff confirmed by letter that he resides, is domiciled in and is a citizen of Florida. *See* DE [1]-[3], [10]. The case was referred to mediation on January 20, 2022, where the parties failed to reach a settlement. *See* January 20, 2022, Electronic Order; March 21, 2022, Mediation Report. Defendant moved to dismiss the Complaint on May 27, 2022. *See* DE [15]. On referral, this Court recommended that this motion be granted in its entirety, without prejudice. *See* DE [19]. Judge Azrack adopted that recommendation and dismissed the Complaint, granting Tal leave to file an amended complaint. *See* DE [22]. Tal did so on February 1, 2023. *See* Am. Compl. Judge Azrack referred Defendant's anticipated motion to dismiss the

4

Amended Complaint to this Court on April 24, 2023. *See* April 24, 2023, Electronic Order. Defendant filed its motion to dismiss on July 21, 2023. *See* Def. Mot. Plaintiff opposes. *See* DE [33]. For the reasons set forth below, the Court respectfully recommends granting Defendant's Motion as to Plaintiff's NYLL, unjust enrichment, and declaratory judgment claims, and denying the motion as to Plaintiff's breach of contract cause of action.

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. But a pleading "that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d

5

341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009)).  Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal.  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted). Further, the court may only consider:

> (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as an exhibit or incorporated ... by reference; (3) matters of which judicial notice may be taken; and (4) documents upon whose terms and effect the complaint relies heavily, i.e., documents that are "integral" to the complaint.

*Calcutti v. SBU, Inc.*, 273 F. Supp. 2d 488, 498 (S.D.N.Y. 2003) (internal citation omitted).  A complaint incorporates a document by reference when it "makes a clear, definite, and substantial reference to the document." *Serrata v. Givens*, No. 1:18-CV-2016 (ARR), 2019 WL 1597297, at *3 (E.D.N.Y. Apr. 15, 2019) (internal citation omitted).  A document that has not been incorporated by reference may nevertheless be "integral" to the complaint if the complaint "'relies heavily upon its terms and effect.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (internal citation omitted).  "A district court errs when it considers affidavits and exhibits submitted . . . or relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss." *Westwide Winery, Inc. v. SMT Acquisitions, LLC*, 511 F. Supp. 3d 256, 262 (E.D.N.Y. 2021) (citing *Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000)).

## III. DISCUSSION

### A. Defendant's Exhibits to Its Motion to Dismiss

Initially, CTI's Exhibits 4 and 5 — the 2020 emails concerning the parties' purported agreement and an attachment to one of those emails, titled "Sales Commission Agreement" — should be disregarded in considering CTI's Motion. Neither document has been incorporated by reference into the Amended Complaint, nor is either integral to it. *See Calcutti*, 273 F. Supp. 2d at 498. The Amended Complaint does not make a "clear, definite, and substantial reference" to any particular written agreement between the parties; it does not specify that the Sales Commission Agreement dated July 23, 2020 (Exhibit 5) was the agreement that forms the basis of Plaintiff's claims. *Serrata*, 2019 WL 1597297, at *3; Am. Compl. ¶¶ 8-12. To the contrary, the Amended Complaint alleges that the agreement between the parties was formed in 2014 and was confirmed in "numerous periodic statements, communications and memoranda exchanged by the parties beginning [that year]," not in the form of a single writing. Am. Compl. ¶ 11. Further, while the Amended Complaint makes a vague reference to "drafts" that "incorporated… terms" of the alleged agreement between the parties, the Amended Complaint does not allege that Exhibit 5 is such a draft. Am. Compl. ¶ 10. It is therefore not clear that Plaintiff relied upon Exhibit 5 in drafting the Amended Complaint. *See DiFolco*, 622 F.3d at 111. Neither is Exhibit 4, an email chain consisting of two emails from Tal to Shachi, incorporated by reference into the Amended Complaint, as Plaintiff's unspecific allegation about "communications" exchanged by the parties does not meet the standard of incorporation by reference set forth by this Court. *See Serrata*, 2019 WL

7

1597297, at *3; Am. Compl. ¶ 11.  There is similarly nothing in the Amended Complaint to indicate that Plaintiff relied upon the emails reflected in Exhibit 4 in drafting the Amended Complaint.  Accordingly, the Court recommends that Exhibits 4 and 5 to Defendant's Motion be rejected.

### B. Plaintiff's Breach of Contract Claim

Turning to the merits, CTI initially argues that Plaintiff's breach of contract cause of action fails because Tal does not provide sufficient details to support such a cause of action, and that he fails to allege an express agreement for post-termination compensation.  *See* Def. Mem. at 7-9.  The Court disagrees.

The elements of a breach of contract claim in New York are:  "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Martino v. MarineMax Northeast, LLC*, No. 17-cv-4708, 2018 WL 6199557, at *3 (E.D.N.Y. Nov. 28, 2018) (citing *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)).  Breach of contract causes of action "require only a 'short and plain statement of the claim,' so long as the facts alleged and any reasonable inferences that can be drawn in [Plaintiff's] favor give rise to a plausible claim for relief." *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 64 (2d Cir. 2012) (citing Fed.R.Civ.P. 8(a)).  Further, "specifics are not required in pleading a breach of contract action." *Comfort Inn Oceanside v. Hertz Corp.*, No. 11-CV-1534 (JG) (JMA), 2011 WL 5238658, at *7 (E.D.N.Y. Nov. 1, 2011) (holding that a plaintiff need not plead when each individual breach of a contract occurred).  Here, Plaintiff alleges that at a meeting in April 2014,

8

he and Shachi agreed that Tal would receive commissions on the sales he generated, and they agreed upon a specific formula, which Tal describes, for calculating commissions that CTI owed to Tal. *See* Am. Compl. ¶ 8. Exhibit 1 to the Amended Complaint sets forth those commissions, identifiable by each project's revenue and cost, to which Plaintiff claims entitlement. DE [23-1]. For each such project, Tal claims that "CTI has received at least a material portion of the revenues and realized profits on the transactions" that entitle Plaintiff to commissions. Am. Compl. ¶ 18. He further claims that he performed in accordance with this agreement from April 2014 until May 2021, adding as supporting details that his commission payments totaled $57,000 in the first year of the agreement and almost $130,000 in 2020. *Id.* ¶¶ 10, 13. Plaintiff adequately pleads CTI's breach of this agreement, claiming that CTI "has expressly represented that it will not pay [him] the commissions he is owed post-resignation." *Id.* ¶ 24. Finally, Exhibit 1 to the Amended Complaint lays out the amount and calculation of outstanding commissions that Plaintiff alleges for each project, which is sufficient to plead damages in this claim. DE [23-1] at 1. These allegations suffice to survive a motion to dismiss on the pleadings.

The cases Defendant cites to the contrary are inapposite. *See* Def. Mem. at 9. CTI argues that *Giugliano v. FS2 Cap. Partners, LLC*, holds that allegations like Plaintiff's are insufficient to state a breach of contract cause of action. No. 14-CV-7240 (ADS) (GRB), 2015 WL 5124796, at *15 (E.D.N.Y. Sept. 1, 2015); *see* Def. Mem. at 9. But the *Giugliano* court found that the "most important[]" allegation in a breach of contract to pay commissions cause of action is that a defendant company received

9

the revenue that would entitle a plaintiff to commissions. 2015 WL 5124796, at *15. Tal has made this allegation. *See* Am. Compl. ¶ 18; DE [23-1]. In *Cicero v. Intellor Grp., Inc.*, the plaintiff stated an estimate of his owed commissions and provided the relevant percent formula for calculating them, but—unlike Tal—did not provide a list of the revenue, profits, paid commission and outstanding commission that he used to calculate that estimate. *See* No. 18-CV-6934 CJS, 2021 WL 1720810, at *1-2 (W.D.N.Y. Apr. 30, 2021). Finally, *Suarez v. Big Apple Car, Inc.* was decided at the summary judgment stage, not on a motion to dismiss. No. 15-cv-5330 (AMD) (RLM), 2017 WL 9400686 (E.D.N.Y. Dec. 1, 2017). Accordingly, the Court recommends that Defendant's motion to dismiss be denied as to Tal's breach of contract claim.

### C. Plaintiff's NYLL Claim

Next, Defendant argues that Tal's NYLL claim fails because he inadequately alleges that he is a covered commission salesperson under the NYLL, and because he does not allege the existence of an enforceable agreement. Def. Mem. at 9-11.

The NYLL defines a "commission salesperson" as:

> [A]ny employee whose principal activity is the selling of any goods, wares, merchandise, services, real estate, securities, insurance or any article or thing and whose earnings are based in whole or in part on commissions. The term 'commission salesman' does not include an employee whose principal activity is of a supervisory, managerial, executive or administrative nature.

NYLL § 190(6). Under NYLL Section 191(1)(c), a Plaintiff is owed commissions "earned in accordance with the agreed terms of employment . . . [which] shall be reduced to writing, signed by both the employer and the commission salesperson, kept

10

on file by the employer for a period not less than three years and made available to the commissioner upon request." NYLL § 191(1)(c).

In the prior Report and Recommendation, this Court recommended that Plaintiff's NYLL claim be dismissed because Plaintiff failed to allege sufficient facts to identify whether a principal activity of his job was supervisory, managerial, executive or administrative, which would bar him from coverage under the NYLL. *See* DE [19], at 11.  Plaintiff's NYLL cause of action in the Amended Complaint adds only one allegation to that claim in the Complaint:  that Tal was "a commission salesman, as defined by New York Labor Law § 190, earning a material portion of his annual compensation through commissions, which were awarded for his sales activities and are different from his other activities which were compensated through his salary." Am. Compl. ¶ 28.  But Tal has not alleged any facts supporting that his "principal activity" while employed at CTI was sales, as is required by the statute. To the contrary, Plaintiff has alleged that his "principal duties," on which he "spent the majority of his time," were to "secure customer orders *and then manage those projects.*" Am Compl. ¶ 6 (emphasis added).  An employee who works in a job where managerial duties are a principal activity of that job cannot qualify as a commission salesperson under the statute.  NYLL § 190(6).  Accordingly, Tal has failed to allege that he is covered under NYLL § 191(1)(c), and the Court recommends that his NYLL cause of action be dismissed.

### D. Plaintiff's Unjust Enrichment Claim

Defendant next argues that Plaintiff does not sufficiently allege the necessary elements to maintain an unjust enrichment cause of action. Def. Mem. at 11-13. An unjust enrichment claim under New York law requires a plaintiff to establish: (i) that the defendant benefitted; (ii) that the benefit came at the plaintiff's expense; and (iii) "equity and good conscience require restitution." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 586 (2d Cir. 2006). As this Court explained in its previous Report and Recommendation, "a plaintiff may not allege that his former employer was 'unjustly' enriched at his expense when the employer compensated the plaintiff by paying him a salary." *Scarpinato v. 1770 Inn, LLC*, No. 13-CV-0955 JS SIL, 2015 WL 4751656, at *4 (E.D.N.Y. Aug. 11, 2015), citing *Levion v. Societe Generale*, 822 F. Supp. 2d 390, 405 (S.D.N.Y. 2011), *aff'd*, 503 Fed. Appx. 62 (2d Cir. 2012); *see* DE [19] at 11-12. Where an employee receives a salary, he can only maintain an unjust enrichment claim by adequately pleading that "the services he provided [his employer] exceeded the scope of his duties" or that "his salary did not constitute reasonable value for the services he provided to [his employer.]" *Levion*, 822 F. Supp. 2d at 405.

Here, Plaintiff alleges that he was paid a salary, in addition to commission. Am. Compl. ¶¶ 12, 28, 32-33. He claims that he "provided services to defendant of a significant value that exceeded what he was paid in base salary," including services enumerated in Exhibit 1 to the Amended Complaint. Am. Compl. ¶ 32; *see* DE [23-1]. But Tal has not cured the deficiencies of his previously dismissed unjust

enrichment claim because his alleges that his "principal duties" "throughout his tenure at CTI" included "secur[ing] customer orders." Am. Compl. ¶ 6. This allegation precludes any claim that Plaintiff's sales work exceeded the scope of the role for which he was compensated, because he alleges that his sales work was a primary duty of his position from the start of his employment with CTI. *Id.* Further, it is impossible to determine whether the value of the services Plaintiff provided CTI exceeded what he was paid in base salary, because Tal does not allege his base salary. *See Levion*, 822 F. Supp. 2d at 405; Am. Compl. ¶ 32. Accordingly, the Court recommends dismissing this cause of action.

### E. Plaintiff's Declaratory Judgment Claim

Tal's final cause of action is for a declaratory judgment that CTI breached the parties' contract. This claim is identical to the declaratory judgment claim Plaintiff brought in his Complaint, which the District Court dismissed. *Compare* Compl. ¶¶ 25-26 *with* Am. Compl. ¶¶ 35-36. Further, this claim is duplicative of Plaintiff's breach of contract cause of action, and is therefore subject to dismissal. *Beach v. HSBC Bank USA, N.A.*, No. 17CV5153, 2018 WL 3996931, at *7 (S.D.N.Y. Aug. 21, 2018) (collecting cases); *see* DE [19] at 13. Accordingly, the Court recommends that this claim again be dismissed.

### IV. CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Defendant's Motion be granted as to Plaintiff's NYLL, unjust enrichment, and declaratory judgment claims. The Court further recommends that Defendant's Motion be denied as to Plaintiff's breach of contract cause of action.

## V. OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
         October 18, 2023

                                          s/ Steven I. Locke
                                          STEVEN I. LOCKE
                                          United States Magistrate Judge